1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janette R. Archer,<br><br>    Plaintiff,<br><br>v.<br><br>Partners in Recovery LLC,<br><br>    Defendant. | No. CV-18-01885-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction Or, in the Alternative, for a More Definite Statement. (Doc. 36.) As explained below, the Court will partially grant and partially deny the motion.[1]

## BACKGROUND

The following facts, which the Court assumes to be true for purposes of ruling on the pending motion, are derived from Plaintiff Janette Archer's ("Plaintiff") first amended complaint ("FAC"). (Doc. 33.)

Plaintiff is a registered nurse who was hired by Defendant in 2014. (*Id.* ¶ 7.) Plaintiff has adult attention deficit disorder ("ADD"), which made it difficult for her to keep written notes as required by Defendant's employment policies. (*Id.* ¶¶ 8–9.) Defendant issued Plaintiff a smart phone as an accommodation, thereby allowing her to

---

[1] Defendant requested oral argument, but the Court will deny the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

dictate her notes. (*Id.* ¶ 11.) Plaintiff lost the phone and requested a replacement (at her own expense) but Defendant denied the request. (*Id.* ¶¶ 12–13.) Plaintiff contacted the Human Resources Department ("HR") and requested a "mobile device with electronic note-taking capabilities." (*Id.* ¶ 15.) Defendant then issued Plaintiff a laptop with dictation software. (*Id.* ¶ 16.) The laptop was unwieldy, often needed to be charged, had poor Wi-Fi connection, and had inadequate dictation software. (*Id.* ¶¶ 17–18.) Plaintiff contacted HR and provided a doctor's note stating Plaintiff needed a handheld device to complete her work. (*Id.* ¶¶ 19–21.) Defendant eventually complied and issued Plaintiff a phone; however, she struggled to configure the phone and contacted the Information and Technology Department ("IT") for assistance. (*Id.* ¶¶ 21–22.) IT also struggled to configure the phone. (*Id.* ¶ 21.) IT treated Plaintiff "with distrust and ridicule," accusing her of causing the software's malfunction, which Plaintiff denies. (*Id.* ¶ 24.)

Defendant subsequently began monitoring Plaintiff more closely at work. (*Id.* ¶ 25.) From August 4, 2017 to October 2, 2017, Plaintiff was reprimanded five times— four for making unauthorized changes to her accommodation equipment and one for discussing "political, ideological, and/or religious matters in the workplace." (*Id.* ¶¶ 26–31.) Plaintiff alleges that she recalls other employees discussing similar topics without discipline. (*Id.* ¶ 27.) During this time, Plaintiff also requested time off related to her ADD, but Defendant denied the request. (*Id.* ¶ 32.)

On or about November 14, 2017, a traffic enforcement officer pulled Plaintiff over while she was driving to work. (*Id.* ¶ 34.) Plaintiff reported this incident to Defendant, which investigated. (*Id.* ¶¶ 35, 38.) This investigation included obtaining "a motor vehicle report," which was provided by a third-party company called SambaSafety. (*Id.* ¶ 38.) Amanda Morales[2] told Plaintiff the report showed "that Plaintiff had a suspended license." (*Id.*) This statement was inaccurate—Plaintiff's license wasn't suspended. (*Id.* ¶¶ 40, 42.) Plaintiff told Ms. Morales that her license wasn't suspended, but Defendant "nevertheless

---

[2] The FAC does not specify who Ms. Morales is, but based on the parties' briefs, the Court will presume she is an employee in Defendant's HR department.

terminated Plaintiff's employment." (*Id.* ¶ 40.) The sole reason Defendant provided for the termination decision was the suspended license. (*Id.*)

In Count I of the FAC, Plaintiff asserts a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, for disability discrimination, failure to accommodate, harassment, hostile work environment, and retaliation. (*Id.* ¶¶ 44-56.) In Counts II, III, and IV of the FAC, Plaintiff asserts various state-law claims that are discussed in more detail *infra*. (*Id.* ¶¶ 64-85.)

Defendant now moves to dismiss for failure to state a claim and for lack of subject matter jurisdiction, or alternatively, for a more definite statement. (Doc. 36.)

## LEGAL STANDARD

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144–45 (quotation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679–80. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quotation omitted).

## ANALYSIS

I. Motion to Dismiss[3]

    A. **"Catch-All" Paragraphs**

Plaintiff concludes Counts I, II, III, and IV by stating, "Plaintiff alleges all causes of action arising from the factual allegations herein, including without limitation disability

---

[3] The Court's subject matter jurisdiction is not in question. Plaintiff's ADA claim arises under federal law. Because Defendant only seeks dismissal of the ADA claim's catch-all provision, the Court's subject matter jurisdiction remains intact.

- 3 -

discrimination, failure to accommodate, harassment, hostile work environment, and retaliation." (Doc. 33 ¶¶ 56, 63, 74, 85.) Defendant argues these "catch-all" statements deprive it of fair notice and should be dismissed. (Doc. 36 at 10; Doc. 40, Reply in Supp. of Mot. at 10.)

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (citation omitted). "[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quotation omitted). The primary issue thus becomes whether "sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001). Although the complaint remains poorly organized, Plaintiff still has identified some of the theories she intends to pursue. Defendant therefore has reasonable notice of the claims, so the catch-all paragraphs do not warrant dismissal.

B. **Wrongful Termination**

Count II includes wrongful termination claims arising out of alleged violations of the Arizona Employment Protection Act ("AEPA") and the Arizona Civil Rights Act ("ACRA").[4] (Doc. 33 ¶¶ 60–61.) Defendant argues that Plaintiff's AEPA claim is barred by the ACRA. (Doc. 36 at 4–5.) Plaintiff contends that she asserts these claims as alternative pleadings. (Doc. 38 at 5.)

The AEPA was enacted to "limit the circumstances in which a terminated employee can sue an employer to those situations involving either qualifying written contracts or an employer violating the public policy of the state as enunciated in the state constitution and statutes." *Taylor v. Graham Cty. Chamber of Commerce*, 33 P.3d 518, 527–28 (Ariz. Ct. App. 2001) (quotation omitted). The ACRA thus acts as one of the so-called "source

---

[4] Plaintiff asserts other ACRA claims; however, because Defendant has only raised an argument concerning the wrongful termination claim, the Court will not discuss them.

statutes" by which employees may assert claims against their employers. *Id.* at 522. Stated plainly, the AEPA merely affirms that the ACRA provides the exclusive remedy for an ACRA violation. *Id.* ("The [A]EPA does not provide a back door method of suing [an employer] in tort for wrongful termination in violation of ACRA or its public policy."). *See also* A.R.S. § 23-1501(A)(3)(b) ("If the statute provides a remedy to an employee for a violation of the statute, the remedies provided to the employee . . . are the exclusive remedies for the violation of the statute . . . ."); *Baker v. Walgreens Ariz. Drug. Co.*, 2016 WL 3181683, *3 (D. Ariz. 2016) ("To the extent that Plaintiff's remaining state law claim can be characterized as an alleged AEPA claim premised on ACRA violations, substantial case law suggests that Plaintiff's claim is not actionable."). The Court accordingly dismisses Count II to the extent Plaintiff asserts a separate ACRA-based AEPA claim, but it does not dismiss Plaintiff's ACRA claim.

### C. **Civil Conspiracy**

Count III asserts a civil conspiracy claim. (Doc. 33 ¶ 74.) Defendant argues that Plaintiff has failed to allege an agreement, underlying tort, or co-conspirator. (Doc. 36 at 6–7; Doc. 40 at 8–9.) Plaintiff argues that an agreement may be inferred from the FAC's references to two non-parties, SambaSafety and Ms. Morales. (Doc. 38 at 9.)

Under Arizona law, "there is no such thing as a civil action for conspiracy." *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966); *accord Hansen v. Stoll*, 636 P.2d 1236, 1242 (Ariz. Ct. App. 1981) ("Arizona does not recognize the existence of the tort of 'conspiracy.'"). "A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phx., Inc.*, 5 P.3d 249, 259 (Ariz. Ct. App. 2000). "In short, liability for civil conspiracy requires that two or more individuals agree and thereupon accomplish an underlying tort which the alleged conspirators agreed to commit." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (Ariz. 2002) (quotation omitted).

The FAC does not come close to alleging any such agreement. As for SambaSafety,

the FAC does not allege any facts suggesting SambaSafety knew its report was inaccurate, was aware of Plaintiff's disability, or knew of Defendant's alleged discrimination and other unlawful conduct. Without such knowledge, SambaSafety cannot have joined a conspiracy to engage in an unlawful effort to terminate Plaintiff.

As for Ms. Morales, Plaintiff argues a corporation can conspire with itself via its officers or directors. (Doc. 38 at 8.) But Arizona law is to the contrary: "A corporation cannot conspire with itself anymore than a private individual can, nor with its directors if they are acting in the corporation's behalf." *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. Ct. App. 1988) (quotation omitted).

To be sure, there is an "exception to the general rule that a corporation cannot conspire with its officers." *Rowland,* 757 P.2d at 110. The exception is that "[w]hen officers of a corporation act for their own personal purposes, they become independent actors, who can conspire with the corporation." *Id.* (quotation omitted). Plaintiff suggests Ms. Morales's conduct fits this description. (Doc. 38 at 9.) But the FAC does not allege that Ms. Morales is an officer or director of Defendant or that she was acting for her own personal purposes. Therefore, the Court cannot consider her a co-conspirator.

For these reasons, the Court dismisses Count III.

D. **Negligence/Negligence per se/Gross Negligence**

Count IV alleges that Defendant failed to "investigate and to properly supervise its investigative employees" and to "properly train and supervise its employees." (Doc. 33 ¶¶ 76–77.) Arizona courts have not recognized such claims. *Thorp v. Home Health Agency—Ariz., Inc.*, 941 F. Supp. 2d 1138, 1143 (D. Ariz. 2013) ("Arizona does not recognize a claim by an employee against an employer for negligent hiring, retention, or supervision."). Plaintiff contends that she is stating a claim for ordinary negligence, not for negligent supervision or negligent investigation. (Doc. 38 at 10.) But Plaintiff has identified no duty owed by Defendant.[5] Nor has Plaintiff identified a statute creating a

---

[5] Because Plaintiff has failed to allege a duty that could give rise to a claim for negligence, Plaintiff also cannot maintain a claim for gross negligence.

- 6 -

duty necessary to support a claim of negligence per se. *Huff v. Francisco*, 107 P.3d 934, 937 (Ariz. Ct. App. 2005) ("Negligence per se applies when there has been a violation of a specific requirement of a law.") (quotation omitted). As such, the Court dismisses Count IV.[6]

II. <u>Motion for a More Definite Statement</u>

Defendant once again alternatively moves for a more definite statement. (Doc. 36 at 11.) Plaintiff contends that Defendant's answer to the complaint moots the issue. (Doc. 38 at 12.) Defendant in turn points out that the Court's June 18, 2018 Order required it to file an answer. (Doc. 40 at 10 (citing Doc. 5).)

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to request a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions "are viewed with disfavor and are rarely granted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

Although, as noted above, the FAC is far from a model of clarity, the Court concludes that Rule 12(e) isn't triggered here. That Defendant's Motion and answer were filed contemporaneously suggests the FAC is not "so vague or ambiguous" as to prevent Defendant from answering. *See* Fed. R. Civ. P. 12(e); *see also id.* ("The motion must be made *before filing a responsive pleading . . . .*") (emphasis added); *Siddhar v. Sivanesan*, 2013 WL 6504667, *9 (S.D. Ohio 2013) ("The fact that [the defendant] was able to file the responsive pleading is inconsistent with its argument that the complaint is so vague and ambiguous that it cannot reasonably be required to formulate a response."). *See generally* Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 12, at 312-13 (2018) ("Rule 12(e) . . . is not to be used to force plaintiffs to plead their facts in

---

[6] The parties also dispute whether the Arizona Workers Compensation Act preempts Plaintiff's negligence claims. But first, there must be a valid negligence claim. Plaintiff does not allege one here, so the Court does not reach the issue.

detail . . . . If a complaint satisfies the applicable pleading requirement and is not so vague and convoluted to be unintelligible, then the goals of pleading have been met . . . .").

***

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction or, in the Alternative, for a More Definite Statement (Doc. 36) is **granted in part and denied in part**, as discussed in more detail above.

Dated this 19th day of July, 2019.

Dominic W. Lanza
United States District Judge